IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES RICHARDS, #76127                                                              PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 4:06cv019TSL-JCS

JAMES ANDERSON, ET AL                                                            DEFENDANTS

ORDER

On February 16, 2006, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. The plaintiff did not submit a certificate or third step response form from the administrator of the Administrative Remedy Program stating that he has exhausted his administrative remedies. The plaintiff states that he has submitted his claim through the administrative procedure, but he has not received an answer from the prison officials concerning some of this claims. Notwithstanding the plaintiff's indication that he has *attempted* to exhaust his administrative remedies, this court finds that the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e(a), provides in clear language that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. See Porter v. Nussle, 122 S.Ct. 983 (2002); see also Booth v. Churner, 532 U.S. 731, 739 (2001). In light of the plain mandatory language of the statute as well as the case law, it is clear that the plaintiff must exhaust all available administrative remedies. Accordingly, it is hereby,

ORDERED:

(1) That plaintiff respond to this order in writing on or before July 17, 2006, why this case should not be dismissed for failure to exhaust his administrative remedies **and** plaintiff shall file a certificate and third step response from the administrator of the Administrative Remedy Program stating that he has exhausted his administrative remedies.

(2) That failure to advise this Court of a change of address or failure to timely comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the plaintiff and will result in this cause being dismissed without prejudice and without further notice to the plaintiff.

(3) That the plaintiff is required to file his original response to this order to show cause with the Clerk, P.O. Box 23552, Jackson, Mississippi 39225. Failure to properly file a response may result in this civil action being dismissed.

THIS, the 23rd day of June, 2006.

*s/ James C. Sumner*  
UNITED STATES MAGISTRATE JUDGE