**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JAMES RICHARDS**                                                                                       **PLAINTIFF**

**VS.**                                                               **CIVIL ACTION NO. 4:06CV19LA**

**WARDEN ANDERSON, MAJOR MOREY,
MATTIE COLLINS, CAPTAIN MARK ENTERKIN,
UNKNOWN RIVERA, UNKNOWN TERRELL,
UNKNOWN STARLING, UNKNOWN WALKER,
UNKNOWN GLENA, UNKNOWN ANTONEY,
UNKNOWN BONNER, UNKNOWN HARRIS
L. BIELEFELD, UNKNOWN BARTEE, UNKNOWN
MOORE, UNKNOWN DAVIS,  SANDRA ATWOOD,
UNKNOWN BRASIER, FAYE NOEL, UNKNOWN
KELLEY, UNKNOWN TRAYLOR, UNKNOWN
HARRARA and LT. ANDERSON**                                                        **DEFENDANTS**

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 29th day of January, 2007, at the James O. Eastland Federal Courthouse in Jackson, Mississippi.  The Plaintiff appeared *pro se*, and the Defendants were represented by attorneys Lee Thaggard and John Clay.  The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference.  The court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation.  After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

1

## 1. JURISDICTION AND SUMMARY OF CLAIMS

Jurisdiction of this case is based upon 42 U.S.C. § 1983. The Plaintiff's Complaint alleges that he is being retaliated against for filing a previous lawsuit, that officers have used excessive force on him, that he has been given inadequate medical care, that officials have failed to protect him from assault by other inmates, that he has not been provided with adequate clothing, and that he has had property taken from him. At the Omnibus Hearing, Richards testified that his claim was based on an assault by Officers Bonner, Harris, Bielefeld, and Glenn.

At the time of the assault, Officers Glenn and Anthoney were assembling the inmates for their recreational period. Richards testified that these officers told him that they weren't going to "rec" any snitch, saying "Today ain't snitch day." By the time they got to him, they said that the recreational period was over, and Richards got angry and threw a tray. Officers then sprayed him with a fire extinguisher in his cell, after which Richards broke the sink in his cell and started throwing pieces of the sink at the officers, who stopped spraying him.

The next day, Officer Glenn came on duty and told Richards that they would get him out of his cell one way or another. Richards tied some pieces of sheet across the floor so they couldn't rush into the cell. He threw more pieces of porcelain at them when they came in the door. The officers got him under restraint, then began to assault him. Richards testified that the officers said that they were going to pay him back for the day before. Bonner struck Richards with his knee in the center of Richards's back while hitting him the jaw. Glenn & Bielefeld were holding him, and Harris was holding him and hitting him, as well. According to Richards, Bonner hit him in the eye, causing him to need eight stitches. He also had scratches on his stomach and chest from being pulled to floor and dragged, and his chin was busted. Richards believes that there is a videotape of the incident; he

stated that Officers Morey and Walker stood there with a camera and did nothing to prevent the assault.  When he was taken to the clinic, Defendant Nurse Atwood gave him a shot of Haldol, against his wishes, saying that he was out of control.

Richards also testified about the lack of adequate clothing at the facility.  He said that he has lupus and a vascular condition that causes him pain when he is cold.  Richards claims that he has complained about the clothing issue to Warden Anderson and has submitted grievances on this issue, but nobody gets winter clothing except the inmates who work.  Richards also testified that whenever he is moved, he is forced to leave his leave property in his cell, to be packed by other inmates.  According to Richards, these inmates take certain items.  He also said that Sgt. Walker issued his property to other inmates, including canteen items, his radio, and magazines.

Richards claims that much of this action is retaliation for his previous lawsuit and for submitting grievances through the Administrative Remedies Program.  He also alleges that officials have submitted false Rules Violation Reports on him, saying that he has assaulted officers.  He says that the witnesses to some of the events are too intimidated to come forward and testify.  Finally, Richards says that he has written to Defendant Faye Noel, the MDOC contract administrator, but she won't investigate the problems.

    2.    **<u>DISCOVERY ISSUES and PENDING MOTION</u>**

Defense counsel will be required to provide Richards and the court with a copy of his institutional medical records, as well as his jail records.  These records may be authenticated by affidavit for use in support of subsequent motions or at trial, where they may be admitted as a general exhibit.  No testimony from a physician or other health care provider will be required at trial.  The Defendants will also provide the Plaintiff and the court with the institution's policy on issuance of

winter clothing. There are no other discovery matters pending, except for those set forth herein, which will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1).

    **3.**    **TRIAL WITNESSES**

The Plaintiff was instructed to submit to the court a list of inmate witnesses, not to exceed three, to testify on his behalf at the trial of this matter. When a trial date is set, the court will order that subpoenas *ad testificandum* issue for those persons, as long as they are still in the custody of MDOC at the time.

The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of this cause, or at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

    **4.**    **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu of a pretrial order.

IT IS HEREBY ORDERED that the Defendants shall produce the records described above to the Plaintiff by February 28, 2007. The deadline for submitting motions in this matter is March 30, 2007. If necessary, the trial will be scheduled after that date.

IT IS SO ORDERED, this the 6th day of February, 2007.

                                                        S/Linda R. Anderson
                                    UNITED STATES MAGISTRATE JUDGE